**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**SIDNEY MARTS,**
              **Plaintiff,**

**vs.**                                     **Case No. 3:10cv450/MCR/MD**

**ELIZABETH M. TIMOTHY, et al.**
              **Defendants.**

---

**ORDER and
REPORT AND RECOMMENDATION**

      Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding *pro se*, initiated this action on November 1, 2010 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He has now filed an amended complaint (doc. 10), a motion to proceed *in forma pauperis* (doc. 11) and a motion for preliminary injunction (doc. 12). Upon review of plaintiff's original and amended complaints, applicable statutes and controlling case law, as well as the clerk's records, the court finds that this case is subject to summary dismissal.

      Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

In the instant case, the court takes judicial notice of the fact that as of the date plaintiff filed this civil action, he had previously filed the following cases in this court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted:

> *Marts v. McNesby*, Case No. 3:08cv24/RV/MD, dismissed April 10, 2008 for failure to state a claim;

> *Marts v. Chance*, Case No. 3:08cv537/CR/MD, dismissed January 28, 2009 as malicious;

In addition, plaintiff's appeal in *Marts v. McNesby*, Case No. 3:08cv24/RV/MD, was dismissed as frivolous on July 31, 2008. (Case 3:08cv24/RV/MD, doc. 44; *see also* Eleventh Circuit Court of Appeal's Case No. 08-12101-B). Plaintiff's appeal in *Marts v. Chance*, Case No. 3:08cv537/MCR/MD, was dismissed as frivolous on April 23, 2009. (Case 3:08cv537/MCR/MD, doc. 50; *see also* Eleventh Circuit Court of Appeal's Case Number 09-10648-H). Finally, a mandamus action filed by plaintiff in the Eleventh Circuit, *In Re: Sidney Marts*, Case Number 09-11274-J, was dismissed as frivolous on June 3, 2009. (Case 3:08cv537/MCR/MD, doc. 51; *see also* Eleventh Circuit Court of Appeal's Case Number 09-11274-J). The Eleventh Circuit's order of

dismissal in the mandamus case declared plaintiff a "three-striker" pursuant to 28 U.S.C. § 1915(g). (*Id.*).

Plaintiff was incarcerated at the time of filing each of the foregoing actions. Each action was dismissed prior to plaintiff's filing the instant complaint. As a "three-striker," plaintiff was therefore required to pay the $350.00 filing fee in full at the time he initiated this lawsuit, unless his allegations show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915, *Brown, supra; Rivera, supra.*

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit in *Brown*, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Id.*, 387 F.3d at 1350. The court must construe plaintiff's *pro se* complaint liberally and accept all well-pleaded factual allegations as true. *See id.*; *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). "Imminent danger" is assessed at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3rd Cir. 2001). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.

2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

In the instant case, plaintiff is suing various state and federal judges, an assistant attorney general for the State of Florida, the Secretary of the Florida Department of Corrections, and twelve John Does, claiming that these officials have conspired to keep him imprisoned "in a hostile penal environment" under a constitutionally invalid criminal conviction. (Docs. 1, 10). Plaintiff's allegations do not show that he is in imminent danger of serious physical injury.

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not be provided so that he can pay the fee; rather, dismissal is required. *Dupree v. Palmer, supra*.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 11) is DENIED.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That plaintiff's motion for preliminary injunction (doc. 12) and all other pending motions be DENIED as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of December, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**